**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**



GIDEON SAZYNSKI, #1087518,

    Petitioner,

v.                               CIVIL ACTION NO. 2:10cv156

HAROLD W. CLARKE, Director of the
Virginia Department of Corrections,

    Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the reasons stated herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED and all of the petitioner's claims be DISMISSED WITHOUT PREJUDICE.

It is further ORDERED that the petition shall be deemed amended to substitute Harold W. Clarke, Director of the Virginia Department of Corrections, as sole respondent.[1] See Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts (following 28 U.S.C. § 2254).

---

[1] Harold W. Clarke replaced Gene M. Johnson as Director of the Virginia Department of Corrections on October 8, 2010.

## I. MOTION FOR INJUNCTION

On July 20, 2010, while incarcerated at Halifax Correctional Unit 23, petitioner Gideon Sazynski filed a Motion for Extension of Time and Injunction (ECF Nos. 17-18). In his motion, Sazynski requested a 45-day extension of time to reply to the respondent's motion to dismiss, and for an injunction directing the superintendent of Halifax Correctional Unit 23 to ensure that the Lexis database terminal and typewriter located in the facility's law library remain operable, to purchase updated versions of certain law books, and to provide Sazynski with access to these and other legal research materials. Because Sazynski's motion requested two separate types of relief (an extension of time and entry of an injunction), the Clerk of Court docketed it as two separate ECF entries: a "Motion for Extension of Time to File a Response" (ECF No. 17) and a "Motion for Injunction" (ECF No. 18). The respondent filed no response to the motion.

On July 23, 2010, the Court granted the request docketed as a Motion for Extension of Time to File a Response (ECF No. 17), granted Sazynski an extension of thirty days to respond to the motion to dismiss, and directed him to file his response on or before August 28, 2010. (ECF No. 19.) On August 24, 2010, Sazynski filed his Brief in Opposition to Respondent's Motion to Dismiss, together with a "Counter Affidavit" and exhibits in support. (ECF No. 20.) On December 8, 2010, Sazynski filed a

notice of change of address, indicating that he had been relocated from Halifax Correctional Unit 23 to Rustburg Unit 9. (ECF No. 21.)

Sazynski's Motion for Injunction sought injunctive relief designed to assist him in accessing legal research materials necessary to prepare his brief in opposition to the respondent's motion to dismiss, which he subsequently filed pursuant to an extension of time granted by this Court. Moreover, the motion sought relief specifically directed to the superintendent of Halifax Correctional Unit 23, where Sazynski no longer resides. Accordingly, the Court RECOMMENDS that Sazynski's Motion for Injunction (ECF No. 18) be DENIED as MOOT.[2]

## II. **STATEMENT OF THE CASE**

### A. **Background**

Petitioner Sazynski pleaded guilty and was convicted in the Circuit Court for the City of Lynchburg, Virginia, on April 20 2001, of two counts of possession of a firearm by a convicted

---

[2] Moreover, to the extent that Sazynski's Motion for Injunction was intended not merely to seek assistance in accessing legal research materials in connection with preparing his response to the motion to dismiss, but was also intended to assert a free-standing claim of denial of his constitutional right to access the courts, the Court notes that Sazynski has failed to assert any specific harm or actual injury that resulted from the alleged inadequacy of the law library at Halifax Correctional Unit 23. See Campbell v. Johnson, 465 F. Supp. 2d 597, 603 (E.D. Va. 2006) (no constitutional deprivation where prisoner did not allege that he was prevented from meeting deadlines or otherwise prejudiced in any pending litigation).

felon, possession of a concealed weapon by a convicted felon, possession of a firearm while in possession of a Schedule I or II controlled substance, possession of cocaine, and possession of ½ to 5 lbs. of marijuana with intent to distribute. On June 22, 2001, Sazynski was sentenced to a total sentence of 22 years and 180 days, with six years and 180 days suspended and four years and 180 days to run concurrent with other sentences, for a total active sentence of eleven years and 180 days. Commonwealth v. Sazynski, Nos. CR01013003-00 to -05 (Lynchburg Va. Cir. Ct. June 22, 2001). Sazynski did not appeal his conviction.

On March 5, 2009, while incarcerated at Indian Creek Correctional Center, Sazynski received a disciplinary charge for disobeying a direct order. A disciplinary hearing was held on March 10, 2009, at which Sazynski was found guilty and penalized with 14 days loss of canteen and visitation privileges. On March 13, 2009, the disciplinary conviction was reviewed and approved by an assistant warden. Sazynski appealed this decision to the warden, who upheld the disciplinary conviction on March 25, 2009.

On March 6, 2009, Sazynski received a second disciplinary charge for disobeying a direct order. A disciplinary hearing was held on March 12, 2009, at which Sazynski was found guilty and penalized with a $5 fine. On March 13, 2009, the disciplinary conviction was reviewed and approved by an assistant warden. Sazynski appealed this decision to the warden, who upheld the

disciplinary conviction on March 25, 2009.

On March 9, 2009, Sazynski received a third disciplinary charge for disobeying a direct order. A disciplinary hearing was held on March 16, 2009, at which Sazynski was found guilty and penalized with an $8 fine. On March 16, 2009, the disciplinary conviction was reviewed and approved by an assistant warden. Sazynski appealed this decision to the warden, who upheld the disciplinary conviction on March 25, 2009.[3]

None of these three disciplinary convictions resulted in the forfeiture of Earned Sentence Credits ("ESCs").[4]

On August 31, 2009, Sazynski filed a pro se petition for a

---

[3] The Court notes that an affidavit submitted in support of the respondent's motion to dismiss states that Sazynski failed to appeal any of these three disciplinary convictions to the warden. (See Aff. of James Keeling ¶¶ 5-7, ECF No. 14 Ex. B.) Sazynski disputes this characterization of the facts, asserting that he in fact appealed all three disciplinary convictions to the warden. (Counter Aff. ¶ 7, following Pet'r's Br. in Opp'n, ECF No. 20.) Indeed, a copy of the Virginia Supreme Court record of Sazynski's state habeas petition, also submitted by the respondent in support of his motion to dismiss, contains copies of Sazynski's appeal of each disciplinary conviction to the warden, and the warden's corresponding decision upholding each conviction. (See Certified Copy of Va. Sup. Ct. Record, ECF No. 14 Ex. A.) This discrepancy is not material to resolution of this habeas petition, but the Court highlights it as it may be pertinent to Sazynski's claims should he opt to re-file pursuant to 28 U.S.C. § 1983, in connection with which a prisoner is generally required to exhaust administrative remedies.

[4] For a concise summary of Virginia's ESC system, see Puranda v. Johnson, No. 3:08CV687, 2009 WL 3175629, at *1 (E.D. Va. Sept. 30, 2009). The ESC system replaced the prior Good Conduct Allowance ("GCA") system in 1994. Id. at *1 & n.3. The Court notes that pertinent post-1994 case law often references GCAs instead of ESCs, notwithstanding the change in nomenclature.

writ of habeas corpus in the Supreme Court of Virginia alleging violation of his due process rights in connection with the three disciplinary convictions, which in turn caused a reduction in his ESC classification, effectively extending the duration of his prison sentence from January 30, 2011 to May 17, 2011. In particular, Sazynski claimed that he was denied the right to present documentary evidence in his defense of the disciplinary charges, inasmuch as prison officials failed to provide him with timely written notice regarding their resolution of a related "enemy request" he had submitted, as required by certain Virginia Department of Corrections ("DOC") policies. This state habeas petition was dismissed as frivolous on October 6, 2009. Sazynski v. Dir. of the Dep't of Corr., No. 091781 (Va. Oct. 6, 2009).

On March 28, 2010, while in the custody of the Virginia Department of Corrections at the Haynesville Correctional Center, Sazynski submitted for filing the instant federal petition for a writ of habeas corpus, ostensibly pursuant to 28 U.S.C. § 2241, and a memorandum of law in support.[5] (ECF Nos. 1-2.) On April 8, 2010, the Court noted that Sazynski's manuscript petition challenged the duration or calculation of a state sentence, and therefore ordered Sazynski to file an amended petition pursuant to

---

[5] Sazynski's petition was received and docketed in this Court on April 7, 2010, but the petition includes a notarized statement that it was deposited in the prison mail system on March 28, 2010, and thus effectively filed that day. See R. 3(d) foll. 28 U.S.C. § 2254.

28 U.S.C. § 2254, rather than § 2241, and on the appropriate forms, as required by Local Civil Rule 83.4. (ECF No. 3.) Sazynski's amended petition was filed on May 7, 2010. (ECF No. 4.) On July 6, 2010, the respondent filed his Rule 5 Answer and Motion to Dismiss accompanied by a memorandum in support, as well as a Roseboro Notice pursuant to Local Civil Rule 7(K). (ECF Nos. 12-15.)

### B. **Grounds Alleged**

Sazynski now asserts in this Court that he is entitled to relief under 28 U.S.C. § 2254 because prison officials violated his due process right to present documentary evidence in his defense against three related disciplinary charges, inasmuch as the prison officials failed to provide him with timely written notice regarding their resolution of a related "enemy request" he had submitted, as required by DOC policies, and the resulting disciplinary convictions in turn caused a reduction in his ESC level, effectively extending the duration of his prison sentence by 107 days from January 30, 2011 to May 17, 2011.

Sazynski asserted this same claim for relief in his state habeas petition, which was dismissed as frivolous by the Supreme Court of Virginia.

### III. **ANALYSIS**

A federal court may not grant relief on a habeas claim previously adjudicated on the merits in state court unless that

adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d). In drafting this statute, Congress "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000); see also Bell v. Jarvis, 236 F.3d 149, 157 (4th Cir. 2000) (recognizing that, for claims adjudicated on the merits by the state court, the federal court "is limited by the deferential standard of review set forth in § 2254(d), as interpreted by the Supreme Court in Williams"). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Williams, 529 U.S. at 387. "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be [objectively] unreasonable." Id. at 411. Moreover, any factual findings made by the state court

are presumed to be correct, and the petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); Tucker v. Ozmint, 350 F.3d 433, 439 (4th Cir. 2003).

This same claim was presented to the Supreme Court of Virginia in Sazynski's state habeas petition, which was summarily dismissed as frivolous. "[D]ismissal of a state habeas petition as frivolous qualifies as an adjudication on the merits under 28 U.S.C. § 2254(d)." Parker v. Angelone, 959 F. Supp. 319, 323 (E.D. Va. 1997). This Court may not grant relief on any claim previously adjudicated on the merits in state court unless one of the two statutory exceptions applies. See 28 U.S.C. § 2254(d).

There is nothing to suggest that adjudication on the merits by the state court was contrary to, or an unreasonable application of, clearly established federal law, nor that it resulted in a decision that was based on an unreasonable determination of the facts. Indeed, the state court's summary dismissal of Sazynski's habeas petition as frivolous would appear to be a reasonable application of Wilkinson v. Dotson, 544 U.S. 74 (2005), and its progeny. As this Court has previously recognized, in Wilkinson, the Supreme Court held that

> regardless of the relief sought or conduct challenged, the proper remedy lies in habeas corpus only if "success in [an] action would necessarily demonstrate the invalidity of confinement or its duration." Thus, in challenges to prison procedures, "where

> success in the action <u>would not necessarily</u> spell immediate or speedier release for the prisoner," § 1983, not habeas corpus, is the appropriate remedy.

Gaskins v. Johnson, 443 F. Supp. 2d 800, 803 (E.D. Va. 2006) (quoting Wilkinson, 544 U.S. at 81-82) (emphasis and alteration in original).

As noted above, Sazynski's disciplinary convictions did not result in a forfeiture of any ESCs he had previously earned. Rather, Sazynski claims that the disciplinary convictions resulted in a change to his classification for earning ESCs, such that, going forward, he earns ESCs at a lower rate than before. As a result of his lower ESC classification and slower earning rate, Sazynski will be released from prison 107 days later than if he had remained at the prior ESC classification level. But contrary to Sazynski's characterization, the change in ESC classification does not "extend" his prison sentence by 107 days—his active prison sentence of eleven years and 180 days remains unchanged. Instead, his reclassification merely causes him to accrue ESCs at a slower rate going forward, such that the earliest date upon which he might be released, provided he does not commit any infractions that might cause him to forfeit ESCs already earned or to be reclassified at an even lower ESC-earning level, is May 17, 2011.

It is well established that a Virginia prisoner has no protected liberty interest in a particular ESC classification. See Puranda v. Johnson, No. 3:08CV687, at *5 (E.D. Va. Sept. 30, 2009);

Martin v. Johnson, No. 7:08-cv-00249, at *4 (W.D. Va. Apr. 8, 2008); DeBlasio v. Johnson, 128 F. Supp. 2d 315, 330 (E.D. Va. 2000); see also Slezak v. Evatt, 21 F.3d 590, 594 (4th Cir. 1994) ("The federal constitution itself vests no liberty interest in inmates in retaining or receiving any particular security or custody status '[a]s long as the [challenged] conditions or degree of confinement . . . is within the sentence imposed . . . and is not otherwise violative of the Constitution.'") (quoting Hewitt v. Helms, 459 U.S.460, 468 (1983)). Moreover, even if Sazynski were to prevail on his underlying due process claims, restoration to his prior ESC classification would mean only that he would have the opportunity to earn ESCs at a faster rate. The mere possibility that Sazynski might earn sufficient ESCs to qualify for release prior to May 17, 2011 does not meet the standard announced in Wilkinson for habeas review-that success would "necessarily spell immediate or speedier release" for him. See Gaskin, 443 F. Supp. 2d at 804. Accordingly, it is evident that, under clearly established federal law, Sazynski's habeas petition must necessarily be denied and dismissed for lack of subject matter jurisdiction. See id.

Pursuant to Wilkinson, however, Sazynski's underlying due process claims may be cognizable in the alternative under 28 U.S.C. § 1983. Due to the different procedural requirements and possible consequences imposed by the Prison Litigation Reform Act, which

applies to prisoner civil rights actions, and by the Antiterrorism and Effective Death Penalty Act, which governs federal habeas proceedings, Sazynski's habeas petition cannot simply be reclassified as a § 1983 complaint.[6] See Moran v. Sondalle, 218 F.3d 647, 650-51 (7th Cir. 2000) (per curiam); Westbrook v. United States, No. 1:09CV47, 2009 WL 1752209, at *2-*3 (N.D. W. Va. June 18, 2009). The appropriate disposition of this case is outright dismissal of the petition without prejudice to the subsequent re-filing of Sazynski's due process claims as a § 1983 complaint.[7] See Moran, 218 F.3d at 651; Westbrook, 2009 WL 1752209, at *3.

Accordingly, the Court FINDS that Sazynski's claim for habeas relief was previously adjudicated on the merits by the Virginia Supreme Court, and that there is no indication from the record that this adjudication on the merits was clearly contrary to, or involved an unreasonable application of, clearly established

---

[6] For example, the filing fee for a habeas petition is $5, whereas a § 1983 complaint has a $350 filing fee, which must be collected even if a prisoner is granted leave to proceed in forma pauperis. See 28 U.S.C. §§ 1914(a), 1915(b)(1); Moran, 218 F.3d at 649; Westbrook, 2009 WL 1752209, at *2. Further, prisoners may only accrue up to three "strikes" for filing frivolous civil rights law suits before being required to pre-pay filing fees, whereas habeas petitions are not subject to the same consequences. See 28 U.S.C. § 1915(g); Moran, 218 F.3d at 649; Westbrook, 2009 WL 1752209, at *2.

[7] By way of admonishment, the petitioner should be aware that any § 1983 claims he might wish to assert may be subject to a two-year statute of limitations under Virginia law. See Almond v. Sisk, No. 3:08cv138, 2009 WL 2424084, at *3 (E.D. Va. Aug. 6, 2009).

federal law, nor that it resulted in a decision that was based on an unreasonable determination of the facts. The Court therefore RECOMMENDS that the petition be DENIED and all of Sazynski's claims be DISMISSED WITHOUT PREJUDICE to his right to re-file his claims in a civil rights action.

## IV. RECOMMENDATION

For the foregoing reasons, the Court RECOMMENDS that the Respondent's motion to dismiss be GRANTED, Sazynski's petition for writ of habeas corpus be DENIED, and all of Sazynski's claims be DISMISSED WITHOUT PREJUDICE to his right to re-file his claims in a civil rights action. The Court further RECOMMENDS that the pending Motion for Injunction (ECF No. 18) be DENIED as MOOT.

Sazynski has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

## V. REVIEW PROCEDURE

By copy of this Report, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1):

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within 14 days from the date of mailing of this

Report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule (6)(d) of said rules. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

2. A district judge shall make a <u>de novo</u> determination of those portions of this Report or specified findings or recommendations to which objection is made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

/s/ F. Bradford Stillman
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
December 30, 2010

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Gideon Sazynski, #1087518
Rustburg Unit 9
479 Camp Nine Rd.
Rustburg, VA 24588
    PRO SE

Richard C. Vorhis, Esq.
Senior Assistant Attorney General
Office of the Attorney General
900 E. Main Street
Richmond, VA 23219
    COUNSEL FOR RESPONDENT

Fernando Galindo
Clerk of Court

By: _____
    Deputy Clerk
    JAN - 3 2011