

GIDEON SAZYNSKI, #1087518,

      Petitioner,

v.

      Case No. 2:10cv156

HAROLD W. CLARKE, Director of the
Virginia Department of Corrections,

      Respondent.

**FINAL ORDER**

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violations of federal rights pertaining to the petitioner's conviction in the Circuit Court for the City of Lynchburg, Virginia, of two counts of possession of a firearm by a convicted felon, possession of a concealed weapon by a convicted felon, possession of a firearm while in possession of a Schedule I or II controlled substance, possession of cocaine, and possession of ½ to 5 lbs. of marijuana with intent to distribute, as a result of which he was sentenced to serve a total of 22 years and 180 days in the Virginia penal system, with six years and 180 days years suspended and four years and 180 days to run concurrent with other sentences, for a total active sentence of eleven years and 180 days.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The report of the magistrate judge was filed on January 3, 2011, recommending that the petition be denied and dismissed without prejudice. By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the magistrate judge. On January 14, 2011, the Court received the petitioner's written objections. (ECF No. 23.) The respondent filed no response to the petitioner's objections.

The petitioner objects to four distinct findings presented in the report of the magistrate judge: (1) a finding that the Virginia Supreme Court's dismissal of his state habeas petition as frivolous is a reasonable application of Wilkinson v. Dotson, 544 U.S. 74 (2005); (2) a finding that his due process claims are properly cognizable under 42 U.S.C. § 1983 rather than habeas corpus; (3) a finding that he has no protected liberty interest in a particular Earned Sentence Credits ("ESC") classification level; and (4) a finding that Sazynksi's federal habeas petition must necessarily be denied and dismissed for

2

lack of subject matter jurisdiction.

At the outset, the Court notes that Sazynski's petition and amendments thereto set forth a litany of alleged procedural errors on the part of prison officials in the handling of his so-called "enemy request," in prosecuting disciplinary charges against him, and in administratively reducing his ESC classification. To the extent that such missteps are asserted as grounds for federal habeas relief, the Court observes that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (citing 28 U.S.C. § 2241 and Rose v. Hodges, 423 U.S. 19, 21 (1975) (per curiam)); see also Hite v. Davis, 70 Fed. App'x 352, 355-56 (7th Cir. 2003) ("We note that Mr. Hite also asserts a number of alleged violations of prison policy, but such errors are strictly matters of state law and do not warrant a federal court's habeas review.").

The Court further notes that the petitioner appears to conflate two separate sets of proceedings: (a) disciplinary proceedings against him on three successive charges of disobeying a direct order to enter the general prison population

3

and participate in a "therapeutic community" treatment program; and (b) an administrative proceeding in which Sazynski's ESC classification was reevaluated and reduced to ESC Level IV (earning zero days of good time per 30 days served) for his refusal to participate in a "therapeutic community" treatment program.

With respect to the disciplinary proceedings, Sazynski was issued three successive charges of disobeying a direct order on March 5, March 6, and March 9, 2009. A disciplinary hearing on each charge was held on March 10, March 12, and March 16, 2009, respectively. Sazynski was found guilty of all three charges and penalized with 14 days loss of canteen and visitation privileges and fines totaling $13. Importantly, Sazynski was not penalized with the forfeiture of any previously earned ESCs as a result of these three disciplinary convictions.[1] Sazynski claims that he was denied the right to present documentary evidence in his defense against these disciplinary charges because prison officials failed to complete their investigation and issue a written notice of approval or disapproval of his

---

[1] Indeed, the Court notes that the forfeitrue of ESCs was not an authorized penalty for disobeying an order, a Category II Offense. (See Va. Dep't of Corrs. Operating Procedure DOP 861.1(V)(B)(201), (VI)(A)(3), and (VII)(1)-(7), attached as Enclosure A to the Affidavit of James Keeling, ECF No. 14 Ex. B.)

4

enemy request prior to his disciplinary hearings.[2]  But because these disciplinary convictions did not result in the loss of any previously earned ESCs, any alleged violation of Sazynski's due process rights in connection with the disciplinary proceedings is simply not cognizable in federal habeas proceedings as success on these claims would not "necessarily spell immediate or speedier release" for Sazynski.  See Wilkinson, 544 U.S. at 81-82; Gaskin v. Johnson, 443 F. Supp. 2d 800, 803 (E.D. Va. 2006).

With respect to the administrative proceeding, an interim classification hearing was held on March 18, 2009, apparently as a result of Sazynski's disciplinary convictions for disobeying three successive orders to report to the "therapeutic community" treatment program.  At that hearing, a prison official conducted a "good time evaluation" pursuant to Virginia Department of Corrections Operating Procedures DOP 830.1 (Facility Classification Management) and DOP 830.3 (Good Time Awards).[3]

---

[2] The required written notice ultimately was issued on April 29, 2009, disapproving the enemy request for "insufficient information to support these claims." (Exhibit E to Sazynski's state habeas petition, attached as part of the certified state court record in Sazynski v. Director, No. 091781 (Va. 2009), ECF No. 14 Ex. A.)

[3] A copy of DOP 830.1 is attached as Exhibit P to the petitioner's Brief in Opposition to Respondent's Motion to Dismiss, ECF No. 20. An incomplete copy of DOP 830.3 is attached as Exhibit N to the same document. In order to

5

The prison official evaluated Sazynski's performance in five specified areas over the preceding year, but ultimately determined that Sazynski's ESC classification should be changed to ESC Level IV pursuant to an "automatic override" which required that Sazynski be classified as ESC Level IV for his refusal to participate in the "therapeutic community" treatment program, irrespective of his performance in the five specified areas, pursuant to DOP 830.3(V)(F)(6). (See Pet. Ex. B2 ("Class Level Evaluation"), ECF No. 1.) As noted by the petitioner in his written objection, this "automatic override" was implemented pursuant to a state statute which provides that "[n]otwithstanding any other provision of law, prisoners refusing to accept a program assignment shall not be eligible for . . . earned sentence credits." Va. Code § 53.1-32.1(D).

This administrative proceeding did not result in Sazynski's forfeiture of any previously earned ESCs, but only his reclassification to ESC Level IV, restricting his ability to

---

facilitate its analysis, the Court takes judicial notice of the full text of DOP 830.3, a complete copy of which may be found in the Court's own records in connection with an unrelated habeas petition, Taylor v. Hinkle, No. 3:08cv306 (E.D. Va. May 8, 2009) (ECF No. 31 Attach. 1). See Fed. R. Evid. 201. The Court notes, however, that all pertinent sections of DOP 830.3 are either attached to the petitioner's opposition brief as Exhibit N, or quoted in the petitioner's written objections. (See Pet'r's Objection 5 (quoting DOP 830.3(V)(F)(6) ("Override Number 7"), ECF No. 23.)

earn additional ESCs going forward. As recognized by the magistrate judge in his report, it is well established that a Virginia prisoner has no protected liberty interest in a particular ESC classification. See Puranda v. Johnson, No. 3:08CV687, 2009 WL 3175629, at *5 (E.D. Va. Sept. 30, 2009); Martin v. Johnson, No. 7:08-cv-00249, 2008 WL 957869, at *4 (W.D. Va. Apr. 8, 2008); DeBlasio v. Johnson, 128 F. Supp. 2d 315, 330 (E.D. Va. 2000). Moreover, even if he were to prevail with respect to his reclassification, restoration to his previous ESC classification would mean only that Sazynski had an opportunity to qualify for release prior to May 17, 2011, as his ESC classification is subject to reduction at any time for cause, within the discretion of prison officials. See Gaskin, 443 F. Supp. 2d at 804. (See also Va. Dep't of Corrs. Operating Procedures DOP 830.3(V)(B)(2)&(3), Pet'r's Br. in Opp'n Ex. N, ECF No. 20.) To the extent that Sazynski challenges his administrative reclassification to ESC Level IV, his claims are not cognizable in federal habeas proceedings as success on these claims would not "necessarily spell immediate or speedier release" for Sazynski. See Wilkinson, 544 U.S. at 81-82; Gaskin, 443 F. Supp. 2d at 803.

The petitioner cites three cases in support of his objections that warrant comment. First, the petitioner cites

7

Heck v. Humphrey, 512 U.S. 477 (1994), and Edwards v. Balisok, 520 U.S. 641 (1997), in support of his argument that his claims are properly asserted in habeas proceedings rather than a § 1983 action. (Pet'r's Objection 3-4, ECF No. 23.) Both cases are readily distinguishable. Unlike the petitioner in Heck, Sazynski's claims do not challenge the lawfulness of his criminal conviction, see Heck, 512 U.S. at 486-89, and unlike the petitioner in Balisok, Sazynski does not challenge the allegedly unconstitutional loss of previously earned good time credits, but merely his reclassification to a lower ESC category, see Balisok, 520 U.S. at 646-48.

The petitioner also cites Preston v. Edwards, 276 Fed. App'x 324 (4th Cir. 2008) (unpublished per curiam decision), in support of his argument that Virginia prisoners have a protected liberty interest in their good time classification level. (Pet'r's Objection 6-7, ECF No. 23.) In Preston, the Fourth Circuit reversed a decision by the district court which had dismissed a Virginia prisoner's § 2254 habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases on the sole ground that the petitioner had no liberty interest in a particular classification level, and therefore the petitioner's claim was properly cognizable as a § 1983 action rather than a § 2254 habeas petition. See Preston, 276 Fed. App'x at 324.

First, the Court notes that the Fourth Circuit's decision in Preston is an unpublished opinion, which "may not recite all of the facts or background of the case," and therefore is "not binding precedent in this circuit." 4th Cir. Local R. 36(b); Preston, 276 Fed. App'x at 324. Second, the Court notes that the district court decision at issue in Preston was a summary dismissal for failure to exhaust based on the district court's review of the petition alone, without the benefit of the respondent's answer and without having given the petitioner an opportunity to be heard or to plead additional facts or defenses that might have cured the petition's defects. See Preston v. Edwards, No. 1:06-cv-00173 (E.D. Va. Mar. 29, 2006) (order dismissing petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases). Third, the Court notes that the district court decision in Preston "construed [the] petition as 'merely seek[ing] to assert a constitutional violation stemming from his not receiving the classification level he wanted," whereas the petition itself alleged actual "extension of his term of confinement" and the "loss of good time credits." See Preston, 276 Fed. App'x at 324-25; Pet. 6, Preston, No. 1:06-cv-00173 (E.D. Va. Feb. 13, 2006) (Doc. No. 1); Grievance Form at 5, Preston, No. 1:06-cv-00173 (E.D. Va. Nov. 17, 2004) (attached to

9

Pet., Doc. No. 1).[4]

By contrast, the report of the magistrate judge in this case does not recommend dismissal based on the petition alone, but rather, it follows the respondent's answer and attachments thereto, which include a complete and certified copy of the Virginia Supreme Court record with respect to Sazynski's state habeas petition and the affidavit of a prison official attaching documents related to Sazynski's disciplinary proceedings. Based on these materials, as well as subsequent submissions by the petitioner, the magistrate judge found that Sazynski's claims did not involve the loss of previously earned ESCs, but only his reclassification to ESC Level IV. Moreover, unlike Preston, in this case, the Virginia Supreme Court has already considered Sazynski's claims and denied them on the merits as frivolous. The magistrate judge's findings and recommendations reflect the deferential review required by 28 U.S.C. § 2254(d), which provides that federal habeas relief may only be granted if a state court's decision on the merits was "contrary to, or involved an unreasonable application of, clearly established Federal law," or that it "resulted in a decision that was based on an unreasonable determination of the facts."

---

[4] The Court takes judicial notice of its own records in Preston v. Edwards, No. 1:06-cv-00173. See Fed. R. Evid. 201.

10

The petitioner has not established that the Virginia Supreme Court's decision on the merits of his present claims was contrary to or an unreasonable application of clearly established federal law, nor has the petitioner demonstrated by clear and convincing evidence that the state court's decision was based on an unreasonable determination of the facts. Accordingly, the petitioner's objections are OVERRULED.

The Court, having reviewed the record, does hereby ADOPT AND APPROVE the findings and recommendations set forth in the report of the United States Magistrate Judge filed on January 3, 2011 (ECF No. 22), as supplemented above, and it is, therefore, ORDERED that the petition be DENIED AND DISMISSED WITHOUT PREJUDICE for the reasons stated in the report. Adopting the recommendations in the magistrate judge's report, it is ORDERED that the respondent's Motion to Dismiss (ECF No. 13) be GRANTED and that the petitioner's Motion for Injunction (ECF No. 18) be DENIED as MOOT. It is further ORDERED that judgment be entered in favor of the respondent.

The petitioner may appeal from the judgment entered pursuant to this final order by filing a written notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty (30) days from the date of entry of such judgment. The petitioner

11

has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

The Clerk shall mail a copy of this Final Order to petitioner and to counsel of record for the respondent.

Raymond A. Jackson
~~United States District Judge~~
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
February 7, 2011

12